TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Benjamin Terrones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Terrones, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Benjamin Terrones, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Benjamin Terrones (hereafter "Plaintiff"), is an adult individual residing in Lake Havasu City, Arizona and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Commercial Recovery Systems, Inc. (hereafter "CRS"), is a Texas company with an address of 8035 R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $16,000.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CRS for collection, or CRS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CRS Engages in Harassment and Abusive Tactics

12. Within the past year, CRS began contacting Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's residential telephone.

13. During the initial phone conversation, on or about January 16, 2013, CRS demanded that Plaintiff pay $250.00 immediately towards the Debt.

3

14. When Plaintiff informed CRS that he could not afford to make that payment, CRS replied that this was not CRS's problem and went on to state that CRS would have Plaintiff served and arrested within forty-eight (48) hours.

15. CRS continued that it would seize Plaintiff's property, house, and vehicle in order to satisfy the Debt.

16. Additionally, during this phone conversation, CRS failed to identify the name of its company and failed to inform Plaintiff that the reason for its calls was debt collection.

17. Furthermore, Plaintiff's roommate contacted CRS and explained that Plaintiff suffered from a clogged artery, was preparing for surgery, and could not handle the stress of CRS' phone calls and threats. CRS responded that it would send the police for Plaintiff if he did not contact CRS by 2:00 p.m.

### C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, et seq.

20.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.  The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.  The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

23.  The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24.  The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

25.  The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

26.  The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

27.  The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

    E. Punitive damages; and

    F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED:  April 8, 2013 | LEMBERG & ASSOCIATES, LLC |

By: __/s/  *Trinette G. Kent*__
Trinette G. Kent

Attorney for Plaintiff,
Benjamin Terrones